**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4672**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

LAVAUGHN ANTONIO HANTON, a/k/a Killem, a/k/a Billy-D, a/k/a Dutch,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cr-00134-FDW-DSC-24)

Submitted: April 18, 2019                        Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Ayers II, AYERS & HAIDT, P.A., New Bern, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavaughn Antonio Hanton pled guilty to conspiracy to participate in racketeering activity (RICO conspiracy), in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2012), and was sentenced to 216 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel discusses the correctness of the district court's application of the attempted murder cross-reference to Hanton's offense level under the Sentencing Guidelines. Hanton has filed a pro se supplemental brief,[*] and the Government has declined to file a response brief. We affirm.

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013). A RICO conspiracy conviction corresponds to a base offense level of 19 or the offense level applicable to the underlying racketeering activity—in this case, attempted murder. *See* U.S. Sentencing Guidelines Manual (USSG) § 2E1.1(a) (2016). Section 2A2.1(a) provides for a base offense level of 33 if the attempted murder would have constituted first-degree murder, as defined in 18 U.S.C. § 1111 (2012); otherwise, the offense level is 27. Section 1111, in turn, defines first-degree murder as "the unlawful killing of a human being with malice aforethought"—that is, as relevant here, a "willful, deliberate, malicious, and premediated killing[.]" Thus, a district court must find by a preponderance of the

---

[*] We have considered the arguments Hanton raises in his pro se supplemental brief and find them to be meritless.

evidence both that the defendant acted with malice and that the attempted killing was premeditated. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *see United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012) ("[T]he Government has the burden to prove a cross-referenced offense by a preponderance of the evidence. . . .").

Malice aforethought "may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Ashford*, 718 F.3d at 384 (internal quotation marks omitted). "Premeditation requires planning and deliberation beyond the simple conscious intent to kill. There must be an appreciable elapse of time between the formation of a design and the fatal act, although no specific period of time is required." *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) (internal citations omitted). In order for the cross-reference to apply, the defendant must have the specific intent to kill the victim. *See, e.g., Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). After reviewing the testimony presented at Hanton's sentencing, we discern no error in the district court's decision to apply the cross-reference to the attempted first-degree murder Guideline. *See, e.g., Rita v. United States*, 551 U.S. 338, 361-62 (2007) (recognizing that appellate courts must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, to accept the findings of fact of the district court unless they are clearly erroneous, and to give due deference to the district court's application of the guidelines to the facts" (internal quotation marks omitted)).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hanton, in writing, of his right to petition the Supreme Court of the United States for further review. If Hanton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hanton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*